IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DAMIAUN WILKINSON,<br><br>        Defendant. | 4:23-CR-3025<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 40), and both the defendant (filing 39) and the government (filing 36) have filed sentencing statements asking the Court to impose a below-guidelines sentence pursuant to their plea agreement.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected to the presentence report's assessment of a 4-level enhancement to the offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of a firearm in connection with another felony offense. Filing 40. According to the presentence report,

> Thirty minutes prior to the defendant's arrest on the instant offense, he used the stolen handgun to threaten/intimidate victim . . . The defendant was witnessed producing a gun, racking it and stating, "you scared now." Meanwhile, his accomplice placed his weapon to the victim's head threating death. As a result, the offense level is increased four-levels, per USSG § 2K2.1(b)(6)(B).

If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof,

such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this objection on the evidence at sentencing.[1]

Both parties have asked the Court to impose a below-guidelines sentence—essentially, to vary downward, although to differing degrees—pursuant to their Rule 11(c)(1)(C) plea agreement. Filing 36; filing 39. The Court will resolve those requests at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

---

[1] The presentence report doesn't identify the specific felony offense supporting the enhancement. "Another felony offense", for purposes of § 2K2.1(b)(6)(B), means "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punish-able by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.*, cmt. n.14(C). And the Court notes that the conduct described—*if proved*—would certainly qualify under Nebraska law. *See* Neb. Rev. Stat. § 28-311.01; Neb. Rev. Stat. § 28-1205; *see also* Neb. Rev. Stat. § 28-105.

- 4 -

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge